JAMES J. WALSH, Respondent, *v.* CHARLES A. JUDGE et al., Defendants, and ALEX KELSO et al., Appellants.

(Argued October 16, 1933; decided November 28, 1933.)

*Edgar B. Bronson, Jeremiah T. Mahoney* and *Charles Maitland Beattie* for appellants. The rulings of the trial court on the admission of the hearsay and *ex parte* declarations were erroneous, conflicting and confusing, and the alleged conspiracy was not established by competent evidence, certainly not as against all of the appellants. (*People* v. *McKane,* 143 N. Y. 455; *People* v. *Becker,* 215

N. Y. 126; *People* v. *McQuade,* 110 N. Y. 284; *People* v. *Storrs,* 207 N. Y. 147; *People* v. *Peckens,* 153 N. Y. 576; *Lent* v. *Shear,* 160 N. Y. 462; *Rutherford* v. *Schattman,* 119 N. Y. 604; *Place* v. *Minster,* 65 N. Y. 89; *Voorhees* v. *Unger,* 151 App. Div. 35; *Cohen* v. *Toole,* 184 App. Div. 70; *Garnsey* v. *Rhodes,* 138 N. Y. 461.)

*Donald Marks* for respondent. The existence of a conspiracy against plaintiff, and the connection of each of appellants therewith, was established by competent evidence. (*National Cash Register Co.* v. *Remington Arms Co.,* 242 N. Y. 99; *Race* v. *Krum,* 222 N. Y. 410; *Chainless Cycle Mfg. Co.* v. *Security Ins. Co.,* 169 N. Y. 304; *Godley* v. *Crandall & Godley Co.,* 212 N. Y. 121; *Place* v. *Minster,* 65 N. Y. 89; *People* v. *Van Tassel,* 156 N. Y. 561; *Heughes* v. *Bd. of Education,* 37 App. Div. 180; *Finnegan* v. *Butler,* 112 Misc. Rep. 280.) There was no prejudicial error committed in rulings upon evidence. (*Place* v. *Minster,* 65 N. Y. 89; *People* v. *Storrs,* 207 N. Y. 147; *People* v. *Peckens,* 153 N. Y. 576; *Loos* v. *Wilkinson,* 110 N. Y. 195; *Apthorp* v. *Comstock,* 2 Paige, 482; *Swinnerton* v. *Columbian Ins. Co.,* 37 N. Y. 174; *Wesp* v. *Muckle,* 136 App. Div. 241; 201 N. Y. 527; *Francis* v. *Perry,* 82 Misc. Rep. 271.)

*Per Curiam.* Plaintiff sued for damages during the time extending from March 24, 1925, to May 17, 1926, for his expulsion from a labor union resulting from a conspiracy alleged to have been formed during the months of October, November and December, 1924. This conspiracy was consummated by plaintiff's expulsion on or prior to March 24, 1925.

An issue of fact is presented relating to the falsity of the charges preferred against plaintiff and the verdict in his favor on this issue is supported by evidence.

The action has abated as to defendant Judge and we can find no evidence tending to connect defendants Moncur, Jose and Fessler with any conspiracy resulting

in damage to plaintiff during the time alleged in the complaint.

Sufficient evidence was produced to take the case to the jury on the issue of the participation by defendants Halkett, Kelso and Quigley in the conspiracy which resulted in damage to plaintiff during the time alleged . in the complaint. Hearsay and other incompetent testimony of a highly prejudicial character was admitted against them. Plaintiff's witness McAdam was allowed to state to the jury that a member of the union had informed him that that member had received orders from defendants Judge and Kelso to exclude plaintiff; his witness Cavanaugh testified that in the summer of 1926 another member had asked this witness to start a movement to get rid of plaintiff; his witness. McGee gave evidence that in November, 1926, a member, other than a defendant herein, had called plaintiff vile names and that another such member had advocated his expulsion. This testimony, in addition to the introduction of the excerpts from the official journal of the organization published in September, 1926, was incompetent and, from the size of the verdict against defendants, must be deemed to have inflamed the jury.

The judgment should be reversed and the complaint dismissed as to the defendants Moncur, Jose and Fessler with costs; a new trial granted as to the defendants Halkett, Kelso and Quigley with costs to such appellants to abide the event. (See 263 N. Y. 670.)

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.